IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES J. FLANAGAN SHIPPING CORPORATION, | § § § | |
| *Plaintiff*, | § | Civil Action No. 1:07-CV-337 |
| v. | § § | |
| MEDITERRANEAN SHIPPING COMPANY, S.A. and MEDITERRANEAN SHIPPING COMPANY, USA, | § § § § | JUDGE RON CLARK |
| *Defendants*. | § § | |

## ORDER ON DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD AND PLAINTIFF'S MOTION TO REMAND

This case was removed on the basis of diversity jurisdiction. The Plaintiff filed a motion to remand arguing that Defendants omitted a copy of the service of process from the removal record. The court concludes that the omission of a copy of the service of process by the Defendants does not affect the removal of this case because it is merely a procedural defect and may be corrected.

### I. Background

On or about March 28, 2007, Plaintiff filed suit against Defendants in the 172nd District Court in Jefferson County, Texas. Service of process occurred on May 11, 2007, and Defendants jointly filed for removal on May 31, 2007. In the Notice of Removal, Defendants did not include a copy of process served upon them in the state court action.

On June 14, 2007, the Plaintiff timely filed a Motion to Remand, asserting Defendants' failure to include the copy of the service of process. Defendants sought to correct this exclusion by filing a Motion to Supplement the record on June 15, 2007, more than 30

days after Defendants were served in state court. There is no dispute that the parties are diverse and the amount in controversy exceeds $75,000.

## II. Standard of Review

This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978). There is no federal question jurisdiction in this case, so removal is proper if there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Pursuant to Section 1446(a), "a notice of removal must be accompanied by copies of all process, pleadings, and orders that have been served upon the defendant in the state court action." 28 U.S.C. § 1446(a). Similarly, Local Rule 81 requires that the moving party attach a copy of all process and orders served upon the party removing the case. Local Rule CV-81(c)(2). However, "mere modal or procedural defects are not jurisdictional." *Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958).

## III. Analysis

Plaintiff argues that Defendants failed to file a complete and timely notice of removal and therefore remand to state court is proper. Plaintiff claims that although the failure to

include the copy of the service of process is merely a procedural defect, under the amended version of section 1447(c) such procedural discrepancies must be remedied within the thirty day period allotted to file a notice of removal.  Plaintiff submits that this is because when Congress amended the statute, two separate reasons for remand were created: (1) procedural defects, which must be raised within thirty days of removal, and (2) subject matter jurisdiction defects, which can be raised at any time prior to judgement being entered.

Prior to 1988, Section 1447(c) stated that "If at any time before final judgment it appears as if the case was removed improvidently and without jurisdiction, the district court shall remand the case."  Ruling on this statute, the Fifth Circuit held that the omission of a copy of process was a mere modal or procedural defect that was completely without effect upon the removal, and that documents lacking from the original removal record may be later supplied. *Covington*, 251 F.2d at 933 (internal citations omitted).

The Fifth Circuit has not directly addressed the question before the court since the 1988 amendment.  However, the Court has stated that the amended version of section 1447(c) "is merely a reconstitution of the existing statute and jurisprudence, with the addition of a strict time limitation on the filing of remand motions." *In re Medscope Marine Ltd.*, 972 F.2d 107, 109-110 (5th Cir. 1992).  Plaintiff has not cited any Fifth Circuit cases inconsistent with this holding, and the court has not found any.  There is also nothing in the statute itself to indicate that this holding should be changed.  The amendment placed a thirty day deadline on motions to remand for procedural defects.  It did not add a new deadline for a motion to correct a procedural defect.

There is no dispute that this case is otherwise removable. The Notice of Removal, signed pursuant to Fed. R. Civ. P. 11, states that Defendants were served on May 11, 2007 and that the notice was filed within the thirty day time limit. No new ground of removal is raised. The court concludes that the omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction. Therefore, the court will allow Defendants to supplement the removal record.[1]

IT IS THEREFORE ORDERED that Defendant's Motion to Supplement the Record **[Doc. #7]** is **GRANTED**, and Plaintiff's Motion to Remand **[Doc. #6] is DENIED.**

So **ORDERED** and **SIGNED** this **15** day of **August, 2007.**

_____
Ron Clark, United States District Judge

---

[1] The ruling is consistent with several district court decisions in this circuit. *See Smith v. Estate of Wagner*, 2006 U.S. Dist. Lexis 68617, 2006 WL 2729282, at *4 (S.D. Tex. 2006) (not including the citation and omitting the docket sheet of the state court action are merely procedural defects that do not affect the right to remove a case.) (citing *Covington*, 251 F.2d at 933); *see also*, *Moses v. Zimmer Holdings Inc.*, 2006 Lexis 44482 (S.D. Tex. 2006) (the defendant's failure to file a copy of the plaintiff's original petition with its notice of removal was merely procedural and did not have any effect on the defendant's right to remove the case.)