UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES J. FLANAGAN SHIPPING CORPORATION, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:07-CV-337 |
| v. | § § | |
| MEDITERRANEAN SHIPPING COMPANY, S.A. and MEDITERRANEAN SHIPPING COMPANY, USA, | § § § § | JUDGE RON CLARK |
| *Defendants*. | | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants ask the court to consider a discretionary transfer of venue for the convenience of the parties and witnesses to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a) **[Doc. # 14]**. That statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court finds that a transfer is not warranted in this case.

**I. BACKGROUND**

On or about March 28, 2007, Plaintiff filed this action against Defendants for breach of contract in the 172nd District Court in Jefferson County, Texas. In his complaint, Plaintiff alleged that Defendants failed to pay for certain stevedoring services Plaintiff rendered pursuant to a contract between the parties. Service of process occurred on May 11, 2007.

On May 31, 2007, Defendants jointly filed a Notice of Removal in this court pursuant to 28 U.S.C. § 1446(b). In their Notice of Removal, Defendants did not include a

copy of process served upon them in the state action. On June 14, 2007, Plaintiff timely filed a Motion to Remand, asserting Defendants' failure to include the copy of the service of process. In an order entered August 15, 2007, this court entered an Order denying Plaintiff's motion.

On July 9, 2007, Defendants filed a Motion to Transfer Venue to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

## II. STANDARD OF REVIEW

The goal of § 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The first determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the court then examines the convenience of the parties and the witnesses. *Id.* This determination involves examining several private and public interest factors, none of which are given dispositve weight individually. *Id.* The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The quantum of proof necessary has sometimes been described to be as stringent as "clear and convincing evidence." *TV-3, Inc. v. Royal Ins. Co. of America,* 28 F.Supp.2d 407, 411 (E.D.Tex.1998). Consequently, Defendants must carry a heavy burden to prove that these factors clearly favor such a change.

## III. DISCUSSION OF TRANSFER FACTORS

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought

qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

Under 28 U.S.C. § 1391(a)(2), a civil action based on diversity jurisdiction may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred . . ." Where, as here, the action involves breach of contract, federal courts should consider, "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred. *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, (S.D.N.Y. 1995); *see also Am. Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981) (in a breach of contract action, "venue is proper at the place of performance.").

In this case, the contract at issue was negotiated on behalf of Plaintiff by Tom Flanagan from his office in Beaumont, TX, which lies in the Eastern District. Mr. Flanagan states that he was the primary contact with Defendants for the purposes of dealing with issues regarding that contract and that disputed invoices, for which the failure of Defendants to pay forms the basis of Plaintiff's breach of contract claim, were sent to Beaumont. *See* Ex. A, Affidavit of Tom Flanagan, Plaintiff's Response to Defendant's Motion to Transfer Venue, ¶¶ 5, 7; Ex. A-1, Letter from John Mullaney to Tom Flanagan, Plaintiff's Response to Defendant's Motion to Change Venue. At the same time, the stevedoring work Plaintiff contracted with Defendant to do took place entirely in Barbours Cut, TX, which is located in the Southern District. *See* Ex. 1, Affidavit of Chris Parvin, Defendants' Motion to Transfer Venue, ¶ 3. Since Plaintiff's performance of the contract occurred entirely within the Southern District, the court finds that a substantial part of the events surrounding this claim occurred in that District, making venue in the Southern

District in the first instance appropriate under § 1391(a)(2). With this threshold issue resolved, the court's analysis turns to the ten factors governing this Circuit's § 1404(a) analysis.

In determining whether an action should be transferred under § 1404(a), the court must consider several private and public interest factors. *In re Volkswagen AG*, 371 F.3d at 203. The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653 (5th Cir. 2005); 17 James Wm. Moore et al., Moore's Federal Practice § § 111.13, *et seq*. (3d ed. 1997). The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Dominguez-Cota*, 396 F.3d at 653-54.

**A. Private Interest Factors**

    1. Plaintiff's Choice of Forum

As a general rule, the plaintiff's choice of forum is entitled to substantial deference. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). However, the significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum and no operative facts occurred within the forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Plaintiff's choice of forum

alone is neither conclusive nor determinative. *In re Horseshoe Entm't*, 337 F.3d at 434.

In this case, Plaintiff chose Beaumont as his forum. Plaintiff has demonstrated that its main office is located in Beaumont and that significant negotiations and correspondence concerning the contract at issue in this case took place from that office. *See* Ex. A, Affidavit of Tom Flanagan, Plaintiff's Response to Defendant's Motion to Transfer Venue, ¶¶ 4-5, 7. Under these circumstances, the court finds that it cannot lightly disregard Plaintiff's choice of forum.

### 2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should be transferred pursuant to § 1404(a). It can obviously be a convenience to have the trial where a majority of the witnesses are located. However, evaluation of the convenience factors is not a battle of numbers, but should consider the content and quality, rather than quantity of their testimony. *Young v. Armstrong World Industries, Inc.*, 601 F.Supp. 399, 401-2 (N.D. Tex. 1984) *citing* 15 Wright, Miller, and Cooper, Fed. Prac. & Proc. §3851 (1976). "[T]he convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993). "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D.Tex. 1994). Whether transfer is sought for key party or non-party witnesses, the moving party must make more than a general allegation that the key witnesses are inconveniently located. *Dupre*, 810 F.Supp. at 825. The moving party must specifically identify key witnesses and outline the substance of their testimony. *Id*.

Here, Defendants state that virtually all the relevant fact witnesses in this case are employed and/or reside in the Southern District. However, Defendants fail to specifically identify these witnesses beyond the general categories of "stevedore personnel," and "longshoremen, truck drivers, supervisors, employees," and provide no guidance as to the testimony these witnesses might provide. In addition, the category of witnesses Defendants identify presumably work at Barbours Cut, the location where Plaintiff's performance occurred. Since Barbours Cut is located in Laporte, TX, about seventy-five (75) miles from Beaumont, the inconvenience for these witnesses would be minimal. On balance, the court finds that this factor does not weigh in favor of transfer.

### 3. Place of the Alleged Wrong

As discussed *supra*, the negotiation of the contract at issue in this case took place on Plaintiff's end from its office in Beaumont. Communications from Defendants concerning the contract and its alleged breach were directed to Plaintiff's Beaumont office. *See* Ex. A-1, Letter from John Mullaney to Tom Flanagan, Plaintiff's Response to Defendant's Motion to Change Venue. Although performance of the contract did take place in the Southern District (Barbours Cut), key events relating to contract formation and breach took place in Eastern District. The court finds that this factor weighs slightly against transfer.

### 4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process

With modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated. This is especially true for witnesses whose credibility cannot seriously be challenged, or a witness with background information needed to establish a

6

basis for more crucial testimony by an expert.

As already discussed, Defendants have failed to specifically identify any witnesses who might have to travel to this District for trial. In any case, the cost of obtaining the attendance of witnesses from the general class Defendants have identified, and whom Defendants state reside in or around the Port of Houston, is negligible. The court finds this factor weighs against transfer.

### 5. The Accessibility and Location of Sources of Proof

The accessibility and location of sources of proof weigh only slightly in this court's transfer analysis. These factors have been given decreasing emphasis due to advances in copying technology and information storage and the ease of transportation and communication.

As Plaintiff has stated that its Beaumont office is its principal place of business, documents and other evidence it will present in this case are likely located here in the Eastern District. Defendants have stated that their documents relevant to the case at issue are located in Houston. The court finds that this factor is neutral, but again notes the limited importance of the location of documents in its overall analysis.

### 6. The Possibility of Delay and Prejudice if Transfer is Granted

The court has already entered its Order Governing Proceedings in this case. In addition, the parties have conducted the Rule 26(f) Scheduling Conference, filed initial disclosures, and produced documents. Given the standard timetable used in the Eastern District and the fact that the parties have already completed several of these events, a delay caused by transferring the case to another court would seem inevitable. As Plaintiff points out, the number of pending cases in the Southern District is on average about three times

that of the Eastern District.  *See* Ex. B, Judicial Caseload Profile, Plaintiff's Response to Defendant's Motion to Change Venue.  Transferring the case to a venue with a higher caseload would only invite delay.  The court therefore finds that this factor weighs against transfer.

**B. Public Interest Factors**

    1. Administrative Difficulties Caused by Court Congestion

Defendant offered no evidence to suggest that this case would present any administrative difficulty and that a timely resolution could not be reached.  The court concludes that this factor does not weigh in favor of transfer.

    2. Local Interest in Adjudicating Local Disputes

Given that some of the alleged actions giving rise to this suit occurred in Beaumont, and Plaintiff has its principal place of business in Beaumont, there exists some local interest in adjudicating this dispute.  This factor weighs in favor of not transferring the case.

    3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because the court finds that the citizens of the Eastern District of Texas have an interest in adjudicating this suit, it follows that the jury pool in this District will not be unduly burdened in deciding this matter.  Consequently, this factor does not weigh in favor of transfer.

    4. The Avoidance of Unnecessary Problems in Conflict of Laws

This is not a problem where, as in this case, the two courts in question are located within the same state.  This factor is neutral, and does not weigh in favor of or against transfer.

## IV. DEFENDANTS' CONTENTION THAT VENUE WAS IMPROPER IN THE FIRST INSTANCE

While Defendants have moved to transfer venue pursuant to 28 U.S.C § 1404(a)[1], they also argue that this Court was the improper venue in the first instance. Defendants previously removed the action to this District from state court in Jefferson County, Texas, pursuant to 28 U.S.C. § 1446(a), but argue that venue in the originally filed state court action was improper under Texas state law.

Venue in the originally filed state court action was governed by Texas Civil Practice and Remedies Code § 15.002(a). Section 15.002(a)(1) provides that lawsuits shall be brought "in the county in which all or a substantial part of the events or omissions giving rise to the claims occurred." The state statute was amended in 1995 and is patterned after the federal statute governing venue in diversity cases, 28 U.S.C. § 1391. Texas courts have therefore interpreted the state statute in line with Section 1391, finding that under the federal statute "there may be more than one district in which a substantial party of the events giving rise to a claim occurred, allowing a choice of more than one proper venue for a certain cause of action." *S. County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 459 (Tex. App. 2000). The state courts have applied the federal construction to the state statute, finding that in breach of contract cases, contract formation, performance, and breach are all key parts of the cause of action, which "accrue[s] in any county where one of these events occurred." *Id.*

---

[1] Since Defendants argue that the Eastern District is the improper venue for this case, the court questions Defendants' choice of removal under 28 U.S.C. § 1404(a), which "presupposes that the action has been brought in a proper venue..." 28 U.S.C. § 1404, Commentary on 1996 Amendment of Section 1404, rather than Section 1406, which is "addressed to a case in which venue has been laid in an improper district." 28 U.S.C. § 1406, Commentary on 1996 Amendment of Section 1406.

9

Therefore, Plaintiff's original choice of Jefferson County as their state court venue was proper so long as a substantial part of the acts giving rise to Plaintiff's claims occurred there. As discussed *supra*, Plaintiff's president, Tom Flanagan, conducted business with Defendant from his Beaumont office throughout the parties' relationship. He also negotiated the contract at issue in this case and communicated with Defendants regarding the contract's performance and resulting disputes concerning them from Beaumont. *See* Ex. A, Affidavit of Tom Flanagan, ¶¶ 4-5 [Doc. # 18].

Since Plaintiff's original choice of state court venue was proper, the court finds Defendants' argument that this District is an improper venue in the first instance to be without merit.

## V. CONCLUSION

On balance, neither the "convenience factors" nor the "public interest" factors weigh in favor of transfer. Plaintiff's choice of forum, therefore, will not be disturbed.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue **[Doc. # 14]** is **DENIED**.

So **ORDERED** and **SIGNED** this **27** day of **August, 2007.**

_____
Ron Clark, United States District Judge